**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | |
|---|---|
| **DILLON SIMS,**<br>**Individually and on behalf of all others similarly situated,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**RICCELLI ENTERPRISES, INC., NORTHERN REGIONAL TRUCKING, LLC, NORTHERN READY MIX, LLC, and SYRACUSE SAND & GRAVEL, LLC,**<br><br>***Defendants*.** | **Case No. 5:25-cv-01554-ECC-ML**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Dillon Sims—brings this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendants—Riccelli Enterprises, Inc., Northern Regional Trucking, LLC, Northern Ready Mix, LLC and Syracuse Sand & Gravel, LLC (collectively, "Riccelli" or "Defendants")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the New York Payment of Wages Act, N.Y. LAB. LAW § 190–199 ("NYPWA"); and the New York Minimum Wage Act, N.Y. LAB. LAW § 651–665 ("NYMWA") (the NYPWA and NYMWA are collectively referred to as the "New York Acts").

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of New York under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Riccelli at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, and have not received notices required by law, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Riccelli knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Riccelli's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to reduce the hours Plaintiff and the Putative Collective/Class Members recorded as worked, and to pay them only for the reduced figure.

7. Riccelli made these reductions because it determined, after the fact and without consulting the employee, that Plaintiff and the Putative Collective/Class Members had not begun work as early as they reported.

8. In addition, Riccelli paid non-discretionary bonuses and other forms of non-discretionary compensation to Plaintiff and the Putative Collective/Class Members, but failed to include them in Plaintiff and the Putative Collective/Class Members' regular rate of pay for purposes of calculating their correct rate of overtime compensation.

9. Riccelli likewise paid Plaintiff and the Putative Collective/Class Members at more than one hourly rate in the same workweek, including the higher rates required on prevailing wage projects, but calculated overtime using a single base rate rather than the weighted average of all rates the employee worked that week.

10. Riccelli also paid Plaintiff and the Putative Collective/Class Members a form of compensation it identified as "load pay," and failed to count and pay for all of the hours worked on the days that load pay was paid.

11. The effect of Riccelli's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Riccelli has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

12. Riccelli knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

13. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

14. Plaintiff and the Putative Class Members did not receive notices at the time of hire as required by law.

15. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of New York as a class action pursuant to FED. R. CIV. P. 23.

16. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

17. Plaintiff also prays that the Rule 23 class is certified as defined herein, with the Plaintiff designated herein named as the Class Representative.

## II.
## THE PARTIES

18. Plaintiff—Dillon Sims ("Sims")—was employed by Riccelli in New York, during the relevant time period(s). Plaintiff Sims did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

19. The FLSA Collective Members are those current and former Dump Truck Drivers who worked for Riccelli Enterprises, Inc., at their Syracuse, Fulton, and Rome, New York facilities in the three years preceding October 20, 2026, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Sims worked and was paid.

20. The New York Class Members are those current and former current and former hourly employees who were employed by Riccelli in New York at any time from November 3, 2019, through the final disposition of this matter, were subject to the time deductions, and/or received sign-on

[1] The written consent of Dillon Sims is on file with the Court at ECF No. 1–1.

bonuses, safety bonuses, or prevailing wages, and/or received load pay, and have been subjected to the same illegal pay system under which Plaintiff Sims worked and was paid.

21. Defendant Riccelli Enterprises, Inc. ("REI") is a domestic for-profit company, that is headquartered in, and licensed to do business in, the State of New York, and has been served and appeared herein.

22. Defendant Northern Regional Trucking, LLC is a domestic limited liability company, that is headquartered in, and licensed to do business in, the State of New York, and may be served through its registered agent for service of process at: 6131 E Taft Road, North Syracuse, New York 13212.

23. Defendant Northern Ready Mix, LLC is a domestic limited liability company, that is headquartered in, and licensed to do business in, the State of New York, and may be served through its registered agent for service of process at: 6131 E Taft Road, North Syracuse, New York 13212.

24. Defendant Syracuse Sand & Gravel, LLC is a domestic limited liability company, that is headquartered in, and licensed to do business in, the State of New York, and may be served through its registered agent for service of process at: 6131 E Taft Road, North Syracuse, New York 13212.

25. Defendants are joint employers pursuant to the FLSA and New York state law. They have common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and applicable state law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

26. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

27. This Court has supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

28. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

29. This Court has general personal jurisdiction over Riccelli because New York qualifies as its home state.

30. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of New York because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

31. Additionally, Riccelli's corporate headquarters are in Syracuse, New York, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

32. Defendant Riccelli provides transportation, mining and material handling services to the construction industry throughout the Northeastern United States.[2]

### Defendants Are Joint Employers

33. Defendants are joint employers pursuant to the FLSA and New York state law.

34. Defendants are integrated companies that share customers, properties, employees, and all other assets.

35. Defendants directly hired Plaintiff and the Putative Collective/Class Members.

36. Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

---

[2] https://riccelli-northern.com.

37. Specifically, Defendants set the weekly work schedules for Plaintiff and the Putative Collective/Class Members.

38. Defendants also defined the primary work duties for Plaintiff and the Putative Collective/Class Members.

39. Defendants set the job duties for Plaintiff and the Putative Collective/Class Members.

40. Defendants had the power to alter Plaintiff and the Putative Collective/Class Members' job duties.

41. Defendants determined Plaintiff and the Putative Collective/Class Members' rates of pay and method of payment of wages.

42. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Collective/Class Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

43. Riccelli made the decision for its subsidiaries and affiliates to implement the practice of reducing recorded work time described herein and to pay non-discretionary bonuses, prevailing wages and load pay to Plaintiff and the Putative Collective/Class Members and to not include these non-discretionary bonuses in their regular rates of pay for purposes of calculating their correct overtime rates.

44. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Collective/Class Members.

45. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to Plaintiff and the Putative Collective/Class Members' work.

46. Defendants shared Plaintiff and the Putative Collective/Class Members' services.

47. Defendants acted directly in the interest of each other in relation to Plaintiff and the Putative Collective/Class Members.

48. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

49. Defendants had the power to hire and fire Plaintiff and the Putative Collective/Class Members.

50. Defendants maintained Plaintiff and the Putative Collective/Class Members' employment records.

51. Defendants have access to Plaintiff and the Putative Collective/Class Members' payroll records.

52. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and New York state law, including the overtime provisions.

**Plaintiff and the Putative Collective/Class Members are Similarly Situated**

53. To provide its services, Riccelli employed (and continues to employ) numerous hourly, non-exempt employees—including Plaintiff and the individuals that make up the putative collective and class.

54. Plaintiff and the Putative Collective/Class Members were employed by Riccelli as hourly, non-exempt employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

55. Plaintiff and the Putative Collective/Class Members' job duties include transportation, mining and material handling services on behalf of Riccelli's customers in the construction industry.

56. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

57. Importantly, none of the FLSA exemptions relieving a covered employer (such as Riccelli) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

58. Plaintiff Sims has been employed by Riccelli in New York since August 2024.

59. During their employment with Riccelli, Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately nine (9) to eleven (11) hours per day.

60. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Riccelli resulting in the complained of FLSA and state law violations.

61. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is they are (or were) responsible for the transportation, mining and materials handling on behalf of Riccelli's customers.

62. Plaintiff and the Putative Collective/Class Members are similarly (if not identically) situated with respect to their pay structure in that they were (and are) all paid on an hourly basis, received (and continue to receive) non-discretionary bonuses, and Riccelli automatically deducted (and continues to deduct) thirty (30) minutes for a meal period each workday.

63. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Riccelli resulting in the complained of FLSA and state law violations.

**Riccelli's Reduction of Recorded Work Time**

64. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they were (and are) all paid on an hourly basis, had time deducted from the hours they recorded as worked, and received non-discretionary bonuses that were not included in their regular rate(s) of pay.

65. Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately nine (9) to eleven (11) hours per day—these are referred to as "on-the-clock" hours.

66. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between two-and one-half to three hours "off-the-clock" per week and have not been compensated for that time.

67. Riccelli required Plaintiff and the Putative Collective/Class Members to record the time they began and ended work each day, including on daily driver trip sheets submitted to Riccelli.

68. After Plaintiff and the Putative Collective/Class Members submitted their recorded times, Riccelli altered those records by moving the recorded start time later in the day.

69. Riccelli made these alterations because it decided, unilaterally, that Plaintiff and the Putative Collective/Class Members did not begin work as early as they had reported.

70. Plaintiff and the Putative Collective/Class Members were working during the time Riccelli removed from their records. That time was spent on compensable work at the beginning of the shift, including reporting to the yard, performing pre-trip inspections, fueling and preparing equipment, receiving assignments, and loading.

71. Riccelli did not pay Plaintiff and the Putative Collective/Class Members for the time it removed from their records, and did not count that time toward the total hours worked in the workweek.

72. Riccelli was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members were (and are) working during the time it removed from their records, without pay, in violation of the FLSA and relevant state law.

73. Riccelli benefitted from Plaintiff and the Putative Collective/Class Members' free labor, as Plaintiff and the Putative Collective/Class Members performed compensable work during the time Riccelli removed from their records.

74. Riccelli knew Plaintiff and the Putative Collective/Class Members were working during the time it removed because Riccelli's supervisors were present at the yard and observed Plaintiff and the Putative Collective/Class Members beginning work at the times they recorded.

75. Riccelli also knew Plaintiff and the Putative Collective/Class Members were working during the time it removed because Plaintiff and the Putative Collective/Class Members complained to Riccelli that their recorded hours had been reduced and that they should have been paid for the time they reported.

76. Riccelli's reduction of recorded work time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

77. Specifically, when Riccelli reduced the recorded time of Plaintiff and the Putative Collective/Class Members on three (3) or fewer shifts in a workweek in which they were otherwise credited with forty (40) or fewer hours, Riccelli's practice resulted in Plaintiff and the Putative Collective/Class Members not being paid for up to one and one-half hours of compensable straight time work.

78. When Riccelli reduced the recorded time of Plaintiff and the Putative Collective/Class Members on four (4) or more shifts in a workweek, or in any workweek in which they were otherwise credited with forty (40) or more hours, Riccelli's practice resulted in Plaintiff and the Putative Collective/Class Members not being paid for compensable overtime work.

79. As a result of Riccelli's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," including the time

Riccelli removed from their records, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

**Failure to Include Non-Discretionary Bonuses and All Rates of Pay in the Regular Rate**

80. Riccelli paid out non-discretionary bonuses—including Sign-On Bonuses and recurring safety bonuses—to Plaintiff and the Putative Collective/Class Members, but failed to include these bonuses in Plaintiff and the Putative Collective/Class Members' regular rates of pay.

81. The non-discretionary bonuses paid to Plaintiff and the Putative Collective/Class Members were meant to encourage and motivate them to join the company and to reward them for joining Riccelli.

82. The non-discretionary bonuses were based upon a pre-determined formula established by Riccelli.

83. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

84. When Plaintiff and the Putative Collective/Class Members met the criteria, they were entitled to receive these non-discretionary bonuses.

85. Riccelli also paid Plaintiff and the Putative Collective/Class Members a recurring non-discretionary bonus identified on their earnings records as a "Daily Safety" bonus.

86. Riccelli paid the Daily Safety bonus in fixed amounts of fifty dollars ($50.00) or one hundred dollars ($100.00), on a recurring basis, in most workweeks in which Plaintiff and the Putative Collective/Class Members performed work.

87. The Daily Safety bonus was non-discretionary. Riccelli paid it pursuant to a pre-determined formula and according to criteria Riccelli established in advance, and Plaintiff and the Putative Collective/Class Members were entitled to receive it when they satisfied those criteria.

88. Riccelli excluded the Daily Safety bonus from Plaintiff and the Putative Collective/Class Members' regular rates of pay when calculating their overtime compensation.

89. For example, for the pay period of January 17, 2025, Plaintiff Sims was paid for one (1.00) overtime hour paid at $50.69, and a Daily Safety bonus of $50.00. The overtime hour was paid at exactly one and one-half times Plaintiff Sims's base hourly rate of $33.79, without regard to the $50.00 bonus he earned that workweek.

90. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective/Class Members' regular rates of pay before any and all overtime multipliers were applied.

91. Separately, Riccelli paid Plaintiff and the Putative Collective/Class Members at more than one hourly rate of pay.

92. In addition to their standard hourly rate, Plaintiff and the Putative Collective/Class Members were paid substantially higher hourly rates for work performed on public works projects subject to New York's prevailing wage requirements.

93. Plaintiff and the Putative Collective/Class Members regularly performed work at their standard hourly rate and at one or more prevailing wage rates during the same workweek.

94. Where an employee works at two or more rates during a single workweek, the regular rate for that workweek is the weighted average of all rates worked—that is, the employee's total straight-time earnings for the workweek divided by the total number of hours the employee worked that workweek. *See* 29 C.F.R. § 778.115.

95. Riccelli did not calculate overtime using the weighted average of the rates Plaintiff and the Putative Collective/Class Members worked. Instead, Riccelli paid overtime at one and one-half times the employee's standard hourly rate alone, without blending in the higher prevailing wage rates the employee earned in the same workweek.

96. As a result, in every workweek in which Plaintiff and the Putative Collective/Class Members performed prevailing wage work and worked more than forty (40) hours, Riccelli paid overtime at a rate below one and one-half times their actual regular rate of pay.

97. Riccelli's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

98. Riccelli knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA.

99. Riccelli knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

100. Riccelli knew or should have known that not compensating Plaintiff and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiff and the Putative Collective/Class Members.

101. Because Riccelli did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Riccelli's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

102. Because Riccelli did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Riccelli's pay policies and practices violated (and continue to violate) applicable state laws.

**Riccelli's "Load Pay" Piece-Rate Scheme**

103. In addition to hourly wages, Riccelli paid Plaintiff and the Putative Collective/Class Members a form of compensation identified on their earnings records as "load pay."

104. Load pay is piece-rate compensation. Riccelli calculated and paid it according to the loads Plaintiff and the Putative Collective/Class Members hauled, not according to the number of hours they worked.

105. On days for which Riccelli paid load pay, Riccelli did not count the hours actually worked by Plaintiff and the Putative Collective/Class Members.

106. Because Riccelli did not count hours worked on load pay days, Riccelli failed to properly count those hours worked towards overtime hours due to Plaintiff and the Putative Collective/Class Members.

107. For example, for the pay period of September 6, 2024, Plaintiff Sims worked overtime hours but was not paid overtime wages because he only performed load pay jobs—meaning Riccelli only paid him load pay and did not count any of the hours he worked on the load pay days to determine whether he worked in excess of forty hours that workweek.

108. Plaintiff Sims worked, and Riccelli suffered and permitted him to work, in excess of forty (40) hours during that workweek. Riccelli paid him no overtime compensation for that workweek.

109. The same thing occurred for the workweek of March 21, 2025. Riccelli paid Plaintiff Sims $1,306.00 in load pay and nothing else, and again recorded zero regular hours, zero overtime hours, and zero hourly wages. Plaintiff Sims worked in excess of forty (40) hours during that workweek, and Riccelli paid him no overtime compensation.

110. Riccelli applied this same practice to the Putative Collective/Class Members, and Riccelli's own payroll and timekeeping records will show the hours Riccelli failed to record and the overtime it failed to pay.

111. Riccelli did not include the hours worked on load pay days when determining the total number of hours Plaintiff and the Putative Collective/Class Members worked in the workweek.

112. As a result, Riccelli failed to pay Plaintiff and the Putative Collective/Class Members overtime compensation for hours worked in excess of forty (40) in any workweek that included one or more load pay days.

113. Riccelli also failed to include load pay in Plaintiff and the Putative Collective/Class Members' regular rates of pay. Load pay is remuneration for employment that is not excludable from the regular rate under 29 U.S.C. § 207(e).

114. Because load pay is piece-rate compensation, Riccelli was required to determine the regular rate for each workweek by dividing Plaintiff and the Putative Collective/Class Members' total earnings for that workweek—including all load pay—by the total number of hours they actually worked that workweek, and to pay an additional one-half of that regular rate for each hour worked in excess of forty (40). *See* 29 C.F.R. § 778.111.

115. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### <u>FIRST CAUSE OF ACTION</u>
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

116. The preceding paragraphs are incorporated as though fully set forth herein.

117. The FLSA Collective is defined as follows:

> **ALL DUMP TRUCK DRIVERS WHO WORKED FOR RICCELLI, AT THEIR SYRACUSE, FULTON, AND ROME, NEW YORK FACILITIES, IN THE THREE YEARS PRECEDING OCTOBER 20, 2026, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

118. At all material times, Riccelli has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

119. At all material times, Riccelli has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

120. At all material times, Riccelli has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of telecommunications infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

121. Specifically, Riccelli employs numerous employees to provide services in the construction industry across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

122. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Riccelli, these individuals provided services for Riccelli that involved interstate commerce for purposes of the FLSA.

123. In performing work for Riccelli, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

124. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly, non-exempt employees who assisted Riccelli's customers throughout the United States. 29 U.S.C. § 203(j).

125. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

126. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 117.

127. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Riccelli.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

128. Riccelli violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

129. Moreover, Riccelli knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

130. Riccelli knew or should have known their pay practices were in violation of the FLSA.

131. Riccelli is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

132. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Riccelli to pay them according to the law.

133. The decision and practice by Riccelli to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

134. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

135. All previous paragraphs are incorporated as though fully set forth herein.

136. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Riccelli's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

137. Other similarly situated employees of Riccelli have been victimized by Riccelli's patterns, practices, and policies, which are in willful violation of the FLSA.

138. The FLSA Collective is defined in Paragraph 117.

139. Riccelli's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Riccelli, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

140. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

141. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

142. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

143. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

144. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Riccelli will retain the proceeds of their violations.

145. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

146. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 117.

## SECOND CAUSE OF ACTION
**(Class Action Alleging Violations of the New York Acts)**

### A. NEW YORK ACTS COVERAGE

147. All previous paragraphs are incorporated as though fully set forth herein.

148. The New York Class is defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WERE EMPLOYED BY RICCELLI, IN NEW YORK, AT ANY TIME FROM NOVEMBER 3, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER AND WERE SUBJECT TO THE TIME DEDUCTIONS, AND/OR RECEIVED SIGN-ON BONUSES, SAFETY BONUSES, OR PREVAILING WAGES, AND/OR RECEIVED LOAD PAY. ("New York Class Members").**

149. At all material times, Riccelli has been an "employer" as defined by the New York Acts. *See* NY LAB. LAW §§ 190(3) and 651(6).

150. At all material times, Plaintiff Sims and the New York Class Members were Riccelli's "employees" as defined within the New York Acts. *See* NY LAB. LAW §§ 190(2) and 651(5).

151. Riccelli—the "employer"—is not exempt from paying wages and overtime benefits under the New York Acts.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NEW YORK ACTS

152. All previous paragraphs are incorporated as though fully set forth herein.

153. During the course of their employment, Riccelli agreed to pay Plaintiff Sims and each New York Class Member an hourly rate of pay.

154. Plaintiff Sims and each New York Class Member accepted Riccelli's offer to pay them an hourly rate.

155. Plaintiff Sims and the New York Class Members' agreed-upon hourly pay rates are therefore "wages" within the meaning of the New York Acts. *See* NY LAB. LAW § 191(1)(d).

156. The New York Acts also require employers, like Riccelli, to pay employees, including Plaintiff Sims and the New York Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. *See* NY LAB. LAW § 191(1)(d).

157. Riccelli violated, and continues to violate, the New York Acts by failing to pay Plaintiff Sims and the New York Class Members for all straight time hours worked at the agreed hourly rate(s) and all overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including all hours Riccelli removed from their recorded time and all hours worked on days for which Riccelli paid load pay. *See* N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2

158. In violating the New York Acts, Riccelli acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New York law.

159. As a direct and proximate result of Riccelli's willful conduct, Plaintiff Sims and the New York Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including double damages for unpaid overtime, treble damages for unpaid straight time, and reasonable attorneys' fees pursuant to the New York Acts. *See* NY LAB. LAW § 198; 663(1).

160. Riccelli is in possession and control of necessary documents and information from which Plaintiff Sims would be able to precisely calculate damages.

161. The proposed class of New York Class Members sought to be certified pursuant to the New York Acts is defined in Paragraph 148.

162. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Riccelli.

## C. FAILURE TO PROVIDE NOTICES REQUIRED BY NY. LAB. LAW § 195.

163. Section 195 of the New York Labor Law requires that employees be given a statement, at the time of hiring, containing certain information, including: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other.

164. Section 198 of the New York Labor Law provides that any employee not receiving the statement required by Section 195, within ten days of hiring, may recover $50.00 for each workday the violations occurred, with a maximum of $5,000.00, plus costs and reasonable attorney's fees.

165. Riccelli failed to supply Plaintiff Sims and the New York Class Members with the statement required by Section 195 of the New York Labor Law.

## D. NEW YORK CLASS ACTION ALLEGATIONS

166. Plaintiff Sims and the New York Class Members bring their New York Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Riccelli to work in New York since November 3, 2019.

167. Class action treatment of Plaintiff Sims and the New York Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

168. The number of New York Class Members is so numerous that joinder of all class members is impracticable.

169. On information and belief, Riccelli employed hundreds (and potentially thousands) of hourly, non-exempt employees—New York Class Members—in New York since November 3, 2019.

170. Plaintiff Sims's New York state-law claims share common questions of law and fact with the claims of the New York Class Members.

171. Specifically, the common questions of law and fact are that Riccelli violated the New York Acts by failing to pay the New York Class Members for the time Riccelli removed from their recorded hours and for hours worked on load pay days, whether Riccelli paid the New York Class Members overtime at a rate of one and one half their regular rate of pay, including whether Riccelli was required to count hours worked on load pay days toward overtime and whether Riccelli was required to include non-discretionary bonuses, load pay and prevailing wage rates in the regular rate, and whether Riccelli failed to provide statements required by Section 195 of the New York Labor Law.

172. Plaintiff Sims is a member of the New York Class, his claims are typical of the claims of other New York Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other New York Class Members.

173. Plaintiff Sims and his counsel will fairly and adequately represent the New York Class Members and their interests.

174. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the New York Class should be certified as defined in Paragraph 148.

175. Specifically, Plaintiff Sims and the New York Class Members all performed similar work, were not paid for the time Riccelli removed from their recorded hours or for all hours worked on load pay days, and were not paid at a rate of one and one half their regular rate of pay because

Riccelli failed to include all non-discretionary compensation and all rates of pay in their regular rate of pay.

## VI.
## RELIEF SOUGHT

176. Plaintiff Sims respectfully prays for judgment against Riccelli as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 117;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Riccelli liable for unpaid wages, including unpaid overtime wages, due to Plaintiff Sims (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Sims (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the New York Class as defined in ¶ 148, and designating Plaintiff Sims as Representative of the New York Class;

e. For an Order pursuant to the New York state law awarding Plaintiff Sims and the New York Class Members damages for unpaid wages and all other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

i. For an Order awarding Plaintiff Sims a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Riccelli, at Riccelli's expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 28, 2026

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**CONWAY, DONOVAN & MANLEY, PLLC**

By: */s/ Michael C. Conway*
**Michael C. Conway**
NDNY Bar No. 302055
MConway@lawcdm.com
50 State Street, 2nd Floor
Albany, NY
Telephone: 518-436-1661
Facsimile: 518-432-1996

***Counsel for Representative Plaintiff and Putative Collective/Class Members***